IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE COX,

    Plaintiff,

v.                                                                                                    No. 20-cv-535-JCH-GJF

BERNALILLO COUNTY, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court on Plaintiff Jesse Cox's *pro se* Complaint for Violation of Civil Rights. (Doc. 1) (the "Complaint"). Plaintiff is a prisoner in the custody of the New Mexico Department of Corrections, housed at Northwest New Mexico Correctional Center. He is proceeding *pro se* and *in forma pauperis*. He ostensibly seeks to state claims under 42 U.S.C. Section 1983. He also appears to seek habeas relief. Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915(e)(2), the Court will dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiff will be granted an opportunity to file an amended civil rights complaint. If he wishes to pursue habeas relief, he may commence a new action by filing an appropriate habeas petition.

I.      Background.

The following facts are taken from the allegations in the Complaint. They allegedly arise from circumstances covering eight years, four incarcerations, and events that occurred in towns and in prisons in Oklahoma and in New Mexico, though in another part of his Compliant, Plaintiff

alleges that the events giving rise to his claims occurred on January 9, 2019. (Doc. 1 at 5, 13). The Court notes that the allegations in the Complaint, though expansive, are not discernably cohesive.

Among other things, Plaintiff variously alleges the following:

- His social security number, birthdate, and driver's license number were used in a police report filed, apparently, by the Albuquerque Police Department (APD), a named Defendant in this case. (Doc. 1 at 2, 3).

- "They" (an apparent reference to Defendant the Bernalillo County District Attorney's Office) wrongfully prosecuted him on charges of which he was innocent and someone (it is not clear who) advised him to plead guilty and do time. (Doc. 1 at 2, 5). He asserts that he must prove his innocence through polygraphs and by other unspecified means. (Doc. 1 at 5).

- He is wrongfully imprisoned on charges that were dismissed. (Doc. 1 at 6, 7, 9).

- His current and former imprisonment are the result of a fraudulent scheme against him. (Doc. 1 at 7).

- He was falsely charged with arson at a gas station in March 2020. (Doc. 1 at 9).

- He needs to visit a hospital and/or a specialist for back pain and he needs a prescription for oxycodone or alternative pain killer. (Doc. 1 at 9).

- There were various defects in his trial or trials and conviction(s) including: evidentiary issues, instructional error, insufficient evidence, and ineffective assistance of counsel. (Doc. 1 at 9).

- APD subjected him twice to an illegal search and seizure, at least once going into his pockets and seizing a used needle. (Doc. 1 at 12).

- He was falsely accused of threatening Home Depot security guards with a knife. (Doc. 1 at 12-13).

- In Oklahoma he "got a blown dis[c]" while in police custody and the clinic that treated him lost the records. (Doc. 1 at 13).

- Two individuals not named as Defendants (Leah Acatah and David Baldridge) and Defendant Luna County lied and misused process to convict him of robbery, forgery, and assault. (Doc. 1 at 13). Luna County Defendants lied about him in their prosecution of those charges. (Id.)

- He was forced by "RDC prison" (perhaps a reference to Central New Mexico Correctional Facility's reception, diagnostic and classification unit) to serve more time than he should have. (Doc. 1 at 14).

- He has been victimized because he is in the United States with no helpful agency to protect and serve, which has caused him to lose personal property and inheritances. (Doc. 1 at 13).

Based on the foregoing and other similar allegations, Plaintiff claims that his right to privacy and security has been violated because of the public accessibility of his court files. (Doc. 1 at 3). He also asserts that there has been a violation of the Federal Rules of Civil Procedure. (Doc. 1 at 3). In addition to these claims, Plaintiff's Complaint mentions numerous legal theories, including due process violations, false arrest, false imprisonment, discrimination, and malicious prosecution. He also appears to relief from the final judgments of dismissal in two prior cases, 19-cv-770-WJ-KK and 19-cv-690-RB-KBM. (Doc. 1 at 20-21).

The named Defendants in this action are Bernalillo County; the Albuquerque Police Department; the Bernalillo County District Attorney's Office; Home Depot; Love's Truck Stop; officers, prosecutors and jail staff of McIntosh County, Oklahoma; officers, prosecutors and jail of Luna County, New Mexico; Walgreen's; Circle K; Flying J; and Dollar Store.

In his prayer for relief, Plaintiff asks the Court to help him collect his inheritances, to get back property that he has lost and/or to appraise the value of those things so that he can recoup his losses. (Doc. 1 at 13). He also seeks polygraphs, apparently as a mechanism to uncover the "discrimination, slander, and lies" against him. (Id.). And he seeks monetary damages from the United States to compensate him for the alleged "victimization [he has experienced from] being in the United States with no helpful agency to protect and serve."

II.    Analysis.

    A.    Standard of Review.

As Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil action, the Complaint must be screened under 28 U.S.C. § 1915A. Under § 1915A(b), the Court must dismiss a civil action *sua sponte* if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Among other things, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is *pro se*, the Court construes Plaintiff's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail,

it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of advocate for the pro se litigant." *Id.*

      B.      <u>The Complaint Does Not Survive Initial Review.</u>

For numerous reasons, the Complaint must be dismissed under § 1915A. As an initial matter, the Complaint does not comply with the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff has not set out a short and plain statement of any claim showing that he is entitled to relief. In other words, the Complaint does not "explain what each defendant did to him"; "when the defendant did it"; "how the defendant's action harmed him"; or "what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). Instead, the Complaint is comprised of generalized allegations apparently spanning many years, many circumstances, and assertions of wrongful treatment by vaguely identified or unidentified actors. Even liberally construing the Complaint, the Court cannot discern what legal theory Plaintiff wishes to pursue against whom. On this basis alone, Plaintiff's Complaint must be dismissed.

The discussion that follows includes grounds for alternative grounds for dismissal and an overview of the governing law of which Plaintiff should be advised if he chooses to pursue his claims in an amended civil complaint or to seek habeas relief.

      C.      <u>§ 1983 Claims.</u>

Plaintiff seeks to state claims under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. § 1983 allows a person whose federal rights have been violated by state or local officials "acting

under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To plead a viable claim, a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. The complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

1. § 1983 Claims Against Corporate Entities

Several Defendants in this action are corporate entities, namely, Home Depot; Love's Truck Stop; Walgreen's; Circle K; Flying J; and the Dollar Store. As indicated above, an essential element of a § 1983 claim is that the defendant was acting under color of state law. "Private individuals and entities may be deemed state actors . . . if they have acted together with or have obtained significant aid from state officials, or if their conduct is otherwise chargeable to the state." *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (Internal quotation marks and alterations omitted).[1] Further, a private actor "cannot be held liable *solely* because it employs a

---

[1] In the Tenth Circuit, the question of what constitutes action under color of law by private parties is analyzed through the framework of four tests: (1) the public function test—which centers on "whether the state has delegated to a private party a function traditionally exclusively reserved to the [s]tates"; (2) the nexus test—which requires the plaintiff to "demonstrate that there is a sufficiently close nexus between the government and the challenged conduct that the conduct may be fairly treated as that of the state itself"; (3) the symbiotic relationship test—which requires the plaintiff to show that the state "so far insinuated itself into a position of interdependence with a

tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Thus, to state a constitutional claim against a corporate defendant, a plaintiff must show not only that the defendant was a state actor, but also that the alleged constitutional deprivation was caused by a corporate policy or practice. *Id.* at 1215-16; *Barnes v. N.M. Dep't of Corrs.*, 2022 WL 2189548, *1 (10th Cir. 2022) (unpublished). As Plaintiff has not identified an unconstitutional policy, his claims against the corporate defendants are subject to dismissal on this ground in addition to the Rule 8 grounds discussed earlier.

    2. § 1983 Claims Against Counties, Jails, and the Albuquerque Police Department.

Similarly, to state a § 1983 claim against a local governing body, such as a county, a plaintiff must allege with specificity that conduct undertaken pursuant to an "official policy [or governmental custom] is responsible for a deprivation of rights protected by the constitution." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978); *see Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010) ("[A] local governmental entity . . . cannot be held liable for the acts of its employees on a theory of *respondeat superior*. Rather, it will only be held liable for its own acts—acts it has officially sanctioned or ordered."). "A challenged practice may be deemed an official policy or custom for § 1983 . . . purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policy maker, or deliberately indifferent training or supervision." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013). The Court does not discern any

---

private party that it must be recognized as a joint participant in the challenged activity"; and (4) the joint action test—which is usually satisfied by a showing of "a substantial degree of cooperative action between state and private officials, or . . . overt and significant state participation in carrying out the deprivation of the plaintiff's constitutional rights[.]" Johnson, 293 F.3d at 1202-05 (internal quotation marks and citations omitted).

allegations that an existing policy or custom is responsible for any alleged deprivation of Plaintiff's constitutional rights. His claims against Luna County, Bernalillo County, and McIntosh County are subject to dismissal on this additional ground. As a claim against a county jail is no different from a claim against the county itself, *Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009), this holding extends to any claims against the respective county jails. *See Dutton v. City of Midwest City*, 630 F. App'x 742, 744 (10th Cir. 2015) (A county detention center "is not a person or legally created entity that can be sued under § 1983."); *White v. Utah*, 5 F. App'x. 852, 853 (10th Cir. 2001) (same).

Further, the Albuquerque Police Department lacks a legal identity apart from the municipality. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The City of Denver Police Department is not a separate suable entity" distinguishable from the city (internal quotation marks omitted)). Because Plaintiff does not seek to sue the City of Albuquerque or allege constitutional violations that are traceable to any of its policies, the § 1983 claims against the Albuquerque Police Department must be dismissed.

   3. § 1983 Claims Against Prosecutors.

To the extent Plaintiff would seek to sue county prosecutors, the claims must be dismissed. Prosecutors are immune from civil suits for damages under § 1983 in the performance of their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) ("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process."). Insofar as the Court understands Plaintiff's allegations, the complained of conduct was undertaken in the prosecutors' performance of their advocacy function such that they are entitled to prosecutorial immunity. *Hinton*, 362 F. App'x at 907 (The act of pursuing a prosecution and a

prosecutor's remarks made during a trial are "associated with the judicial process" such that immunity applies). As there is no indication in the Complaint that prosecutors' allegedly wrongful conduct was extraneous to their advocacy function, the claims against them must be dismissed.

    4.   The *Heck* Doctrine.

To the extent that Plaintiff would seek damages for an allegedly unconstitutional conviction or imprisonment, it appears that the claims are not viable under § 1983 under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id.* at 486-87. In his complaint, Plaintiff refers to two state court cases that have allegedly led to his "wrongful imprisonment," *State of N.M. v. Cox*, Case No. D-202-CR-2020-00273, and *State of N.M. v. Cox*, Case No. D-202-CR-2019-3993. The state court's records do not indicate that the convictions in these cases have been reversed or otherwise invalidated. Unless and until that happens, Plaintiff is barred by *Heck* from seeking relief under § 1983 on any ground that would call into question the validity of the convictions.

    D.    Habeas Relief.

To the extent Plaintiff wishes to challenge his state convictions or sentences on the ground that they are unconstitutional or that he did not understand a plea agreement, such claims are governed by 28 U.S.C. § 2254. *See id*. (allowing the federal court to grant habeas relief to a state prisoner who is "in custody in violation of the Constitution or laws . . . of the United States"); *Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1269 (10th Cir. 2010) ("If a defendant's guilty or no contest plea is not voluntary and knowing, it has been obtained in violation of due process and is

therefore void." (Alterations and internal quotation marks omitted)). A prisoner cannot use a § 1983 action to challenge to the fact or duration his confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Such challenges must be raised in a separate action seeking habeas relief. *Id.*; *Gee v. Murphy*, 325 F. App'x 666, 669 (10th Cir. 2009) (distinguishing the role of habeas from the role of a civil rights action).

To the extent Plaintiff wishes to challenge the execution of his sentence—*i.e.*, if the import of his claim is that his incarceration exceeds his sentence, such a claim is governed by 28 U.S.C. § 2241. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."); *Anderson v. Bruce*, 28 F. App'x 786, 787-88 (10th Cir. 2001) (holding that a plaintiff's claim that the prison miscalculated his sentence must be raised in a § 2241 habeas action).

As it is unclear whether Plaintiff seeks to challenge the fact of his conviction or the execution of his sentence, or both, the Court will mail a blank § 2254 habeas petition and a blank § 2241 habeas petition to Plaintiff. He may use the forms to pursue the appropriate form of relief in separate cases as he deems appropriate.

To the extent Plaintiff seeks to challenge the final judgments entered in 19-cv-770-WJ-KK and/or 19-cv-690-RB-KBM, the Court will not grant relief in this case.

III.     Plaintiff May File an Amended Complaint.

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Accordingly, Plaintiff shall be granted a thirty-day deadline within which to file an amended complaint. If Plaintiff declines to timely amend, the Court may dismiss the case with prejudice.

IT IS ORDERED:

(1)     Each of the claims set forth in the complaint (Doc. 1) are DISMISSED without prejudice.

(2)     Plaintiff is granted leave to file an amended complaint within thirty days of the entry of this Memorandum Opinion and Order.

(3)     The Clerk's office should mail a blank § 2254 habeas petition and a blank § 2241 habeas petition, together with a copy of this memorandum opinion and order, to Plaintiff.

_____
SENIOR UNITED STATES DISTRICT JUDGE